Williams v. Topic of the Town Rest.   CV-96-192-SD   2/24/98

**UNITED STATES DISTRICT COURT FOR THE**
**DISTRICT OF NEW HAMPSHIRE**


Loucinda Williams

    v.                                    Civil No. 96-192-SD

Topic of the Town Restaurant


**O R D E R**


This is an action for employment discrimination brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.  The jury having returned verdicts for plaintiff on her claims of hostile environment, sexual harassment, and retaliatory discharge, the issues now before the court concern whether plaintiff is entitled to additional payments by application of the equitable remedies of back pay and front pay.[1]

Plaintiff Loucinda Williams was employed for several years as a waitress at the defendant restaurant.  She contended that in the course of such employment she was sexually harassed by a

---

[1] It is clear that front pay and back pay are equitable remedies awardable under Title VII.  Selgas v. American Airlines, Inc., 104 F.3d 9, 12 (1st Cir. 1997).  The intent of such remedies is to compensate a plaintiff for the effects of discrimination.  Id.

The equitable remedy of reinstatement is not here practical as plaintiff has removed her residence from New Hampshire to North Carolina and defendant and its current employees challenged her testimony and credibility at trial.

customer of said restaurant and that, when she sought to complain to the defendant of such harassment, she was discharged in retaliation for her complaint.

The case was a close one on its facts that the court found that the key factual issues were for a jury decision. The jury awarded plaintiff a total $48,000 comprised of $8,000 on each count for compensatory damages and $16,000 on each count for punitive damages.

Title VII permits an award of back pay starting two years before the date of the filing of plaintiff's complaint with the EEOC (two years before August 4, 1995) up until the date of judgment. 42 U.S.C. § 20005(g); Scarfo v. Cabletron Systems, Inc., 54 F.3d 931, 954 (1st Cir. 1995). Plaintiff would therefore be entitled if she were to receive a back pay award to payment of such award from August 4, 1993, to February 25, 1998.

However, when the court computes such back pay and deducts therefrom the $48,000 jury award plus the total of plaintiff's post-discharge earnings, it is clear that no additional award may be given for back pay.[2]

With respect to front pay, such award is addressed to the

_____

[2]This is so because the total of the jury verdicts and the amounts earned in other employment by plaintiff subsequent to her discharge exceed the amount of back pay whether one computes these sums at plaintiff's trial testimony of $330 weekly or her earlier deposition testimony of $300 weekly.

2

discretion of the court commencing on the date of judgment and continuing to a specified future date. Scarfo, supra, 54 F.3d at 958. However, the dispensation of front pay because of its relatively speculative nature is necessarily less mechanical and less than back pay. Lussier v. Runyon, 50 F.3d 1103, 1109 (1st Cir.), cert. denied, 516 U.S. 815 (1995). A front pay award must be gauged against the twin goals of eradicating discrimination and ameliorating the harm that has been caused. Id. at 1111.

On balance, therefore, considering all the circumstances of this case, the size of the jury award, and the minimal size of the defendant restaurant,[3] the court finds and rules that the equities of the litigation do not here warrant any additional award in the nature of front pay.

The clerk is accordingly herewith directed to enter judgment for plaintiff Williams in accordance with the jury verdicts rendered herein. Costs are to be awarded to plaintiff and the filing of a motion by the plaintiff for attorney fees is governed by Rule 54(d)(2)(B) Federal Rules of Civil Procedure.

--------

[3]Indeed the defendant hotly contested subject matter jurisdiction contending it did not have the minimal required number of fifteen employees over a twenty calendar week. 42 U.S.C. § 2000e(b). The court found that defendant met this minimal requirement but here notes that under the Civil Rights Act of 1991, the damages cap for such category of employment is limited to $50,000. 42 U.S.C. § 1981a(b)(3)(A). The jury verdicts of $48,000 closely approach this damage limitation.

3

SO ORDERED.

                                       _____

                                       Shane Devine
                                       Senior Judge

February 24, 1998

cc:  Eleanor H. MacLellan, Esquire
     Michael R. Callahan, Esquire

4